**INTERCONTINENTAL METALS CORP.**

v.

**The COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS.**

and

**INTERCONTINENTAL METALS TRADING CORP.**

v.

**The COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS.**

**Nos. C–C–84–0635–P, C–C–84–0636–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Sept. 18, 1985.

Benjamin Hawfield, Daniel G. Clodfelter, Moore, Van Allen & Allen, Charlotte, N.C., William B. Sullivan, Ferenc Molnar, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for appellant.

C. Richard Rayburn, Jr., Charlotte, N.C., for appellee.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon an appeal from the Bankruptcy Court by Intercontinental Metals Trading Corporation and Intercontinental Metals Corporation ("Debtors"). The Bankruptcy Judge issued an Order on June 6, 1984 denying Debtors' motions for authority to pay fees and expenses to the law firm of Arent, Fox, Kintner, Plotkin & Kahn ("Arent, Fox"). This Court heard arguments of counsel in open court on September 10, 1985. The Debtor-appellant was represented by W.B. Hawfield, Ferenc Molnar, and William B. Sullivan, Attorneys at Law and the Committee of Creditors-appellee was represented by C. Richard Rayburn, Jr., Attorney at Law.

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158, as amended by the Bankruptcy Amendments of 1984, Pub.L. No. 98–353 (July 10, 1984). If leave to appeal is required, it is granted. Bankr. Rule 8003(c).

This matter has to do with legal services rendered by Arent, Fox for the Debtors who were in Chapter 11 proceedings. Arent, Fox's services focused on a grand jury investigation of Debtors' business goings-on. After the investigation stopped, Debtors sought the Bankruptcy Court's authorization to pay Arent, Fox more than $45,000 in fees. This request was denied.

11 U.S.C. § 327(e) states that the trustee may employ an attorney for a specified special purpose with the court's approval and if *in the best interests of the estate.*[1] 11 U.S.C. § 330(a) provides that the Bankruptcy Court may award such counsel "reasonable compensation."

The Order denying Arent, Fox fees was essentially based upon the Bankruptcy Judge's conclusion that the Debtors did not show that Arent, Fox services benefited the estate. The conclusion of no benefit to the estate was supported by the finding that there was no showing that the grand jury investigation, upon which Arent, Fox services were concerned, threatened the creation of a claim.

Nonetheless, the Bankruptcy Judge further found that the work product of Arent, Fox may prove beneficial to the estate at some future date. Thus, the Bankruptcy Judge concluded that an award of attorneys' fees may be appropriate in the future and reserved the right to authorize such an award to the extent there is a showing of benefit to the Debtors' estate.

Bankruptcy Rule 8013 states that "[f]indings of fact shall not be set aside unless *clearly erroneous,* and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness." (Emphasis added). Bankr.Rule 8013, 11 U.S.C.A.

This Court, for the purpose of the Debtors' appeal, is faced with the question of whether the findings of the Bankruptcy Judge are clearly erroneous? "A finding is 'clearly erroneous' where although there is evidence to support the finding, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." 5 *Fed.Proc., L.Ed.* § 9:736; *Re Transystems, Inc.,* 569 F.2d 1364 (5th Cir.1978).

After reviewing the pleadings and briefs and hearing arguments, this Court is not left with a definite and firm conviction that the Bankruptcy Judge committed a mis-

---

**1.** 11 U.S.C. § 1107(a) provides a debtor in possession, as in this case, with all the rights and duties of a trustee serving in a case.

take. In deciding whether Debtors showed Arent, Fox services were in the best interests of the estate, the Bankruptcy Court found no showing had been made that the estate was actually threatened by the grand jury investigation or that the Debtors' estate was benefited as opposed to its officers. The Debtors argue that an indictment is not necessarily a condition precedent to a valid threat of criminal prosecution when one is under investigation by a federal grand jury. Moreover, the fact that the investigation against the Debtors terminated does not mean that a real and present danger did not exist when the Arent, Fox services were initially engaged. If a benefit to the Debtors' estate did result, then an ancillary benefit running to an officer of the Debtors does not necessarily lessen the primary benefit to the Debtors' estate. Similarly, if the Arent, Fox services concerning the grand jury investigation prove beneficial to the estate in other areas, then they are entitled to compensation.

During the arguments, counsel for the Committee of Creditors agreed that Arent, Fox is entitled to compensation if Debtors establish their services were in the best interests of the estate. Naturally, the Debtors argue that benefit to the estate has been established and that the Bankruptcy Judge erred in finding otherwise, an argument this Court finds unpersuasive.

In light of these considerations, however, this Court is of the opinion that the matter should be REMANDED to the Bankruptcy Court for further consideration of whether the Arent, Fox services were "in the best interests of the estate" and for more specific findings of fact on that issue.

NOW, THEREFORE, IT IS SO ORDERED.