**In re John S. JORDAN, d/b/a Jordan Orchards, Debtor.**

**Bankruptcy No. 88–02110–BKC–EEL.**

United States Bankruptcy Court, N.D. Mississippi.

Jan. 9, 1995.

James Waide, Tupelo, MS, for John Jordan.

Charles T. Yoste, Starkville, MS, for Georgia Marie Redus McKenna.

R. Michael Bolen, Sr. Attorney for Acting United States Trustee Janice Chenier Taylor, Jackson, MS, for Office of U.S. Trustee.

Cynthia Daniels, Columbus, MS, for Jacob C. Pongetti Chapter 7 Trustee.

*OPINION*

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is the amended motion of the debtor's attorney, Jim Waide, for the allowance of attorney's fees and expenses, coupled with a motion for a determination that such attorney's fees and expenses may be paid from the proceeds realized from the sale of the debtor's stock certificates, which constitute intangibles upon which the judgment creditor, Georgia Marie Redus McKenna, has no lien; objections to said motions having been filed by the following: Office of the U.S. Trustee; Jacob C. Pongetti, Chapter 7 Trustee; Cynthia Etheridge Daniels, an administrative expense claimant as the attorney for the Chapter 7 trustee; and Georgia Marie Redus McKenna; and the court having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), and (O).

II.

The debtor's attorney, Jim Waide, hereinafter referred to as Waide, filed his amended motion for the allowance of attorney's fees and expenses, etc., and allocated his charges to the following categories:

A. Statement on bankruptcy file:

| | |
|---|---|
| Attorney fees | $3,541.50 |
| Reimbursable expenses | 197.25 |
| Total | $3,738.75 |

B. Statement on criminal file including Oktibbeha County Circuit Court, Mississippi Supreme Court, U.S. District Court, and U.S. Court of Appeals for the Fifth Circuit

| | |
|---|---|
| Attorney fees | $8,227.75 |
| Reimbursable expenses | 106.00 |
| Total | $8,333.75 |

The court has examined the fees and expenses relative to work on the bankruptcy file and allocates these charges as follows:

Chapter 11 administrative expense claim $ 882.00
Chapter 7 administrative expense claim 2,856.75
Total $3,738.75

For purposes of his final report and accounting, the Chapter 7 trustee is directed to take into account the aforementioned allocation by the court to the Chapter 11 and Chapter 7 administrative expense categories.

For reasons which will be explained hereinbelow, the services performed by Waide on the criminal file are not compensable from property of the debtor's bankruptcy estate, but must be paid directly by the debtor.

### III.

The following material factual issues which are not in dispute are set forth as follows:

A. Based on criminal charges initiated by Georgia Marie Redus McKenna, the debtor, John S. Jordan, was convicted of the crime of rape by a jury in the Circuit Court of Oktibbeha County, Mississippi, on February 7, 1987.

B. Jordan's criminal conviction was affirmed by the Mississippi Supreme Court on May 17, 1989. (See *Jordan v. State*, 543 So.2d 191 (Miss.1989).)

C. Through a Report and Recommendation, dated February 10, 1992, United States Magistrate Judge Jerry A. Davis recommended to the United States District Court for the Northern District of Mississippi that a petition for habeas corpus, filed by Jordan, be granted and that he be released from custody unless he was awarded a new trial. Essentially, Judge Davis concluded that Jordan's petition for habeas corpus contained persuasive, substantiated evidence that he had asserted his right to testify at his criminal trial, but was prevented from doing so by his attorney. The United States District Court did not accept the aforementioned Report and Recommendation and denied Jordan's petition for habeas corpus. On October 7, 1994, the United States Court of Appeals for the Fifth Circuit reversed the District Court's order denying the petition and remanded the case for further consideration. (See *Jordan v. Hargett*, 34 F.3d 310 (5th Cir.1994).) According to debtor's counsel, no mandate has yet issued from the Fifth Circuit relative to this decision.

D. Prior to Jordan's criminal conviction, McKenna had commenced an action in the Circuit Court of Oktibbeha County, Mississippi, to recover civil damages for injuries resulting from the rape and assault inflicted upon her by Jordan. On February 1, 1988, a jury returned a verdict in McKenna's favor against Jordan in the sums of $380,000.00 actual damages and $50,000.00 punitive damages.

E. On December 27, 1990, the Mississippi Supreme Court affirmed the civil judgment against Jordan based exclusively on the premise that Jordan's criminal conviction should be given preclusive collateral estoppel effect on the relitigation of his liability in the civil cause of action. (See *Jordan v. McKenna*, 573 So.2d 1371 (Miss.1990).) A petition for rehearing was denied on February 13, 1991.

F. Jordan filed his voluntary Chapter 11 bankruptcy petition on October 20, 1988. The case was converted to Chapter 7 on December 26, 1991. The fees and expenses incurred by Waide prior to the latter date would be considered as his Chapter 11 administrative expense claim.

### IV.

Without question, Waide has performed a significant amount of work in attempting to set aside Jordan's criminal conviction for rape. In the opinion of this court, the results that he has achieved could be rated as "not less than remarkable." However, whether the conviction will be set aside is still unknown. If Waide is successful, the following possibilities become apparent:

A. Since Jordan has now served his criminal sentence and has been released from custody, the setting aside of his conviction would likely result in the elimination of a $10,000.00 fine imposed against him in favor of the State of Mississippi, which is considered a claim against his bankruptcy estate. Whether Jordan would be retried is doubtful.

B. Even if the criminal conviction were vacated, the civil judgment would remain unaffected unless it is unraveled through ac-

tion before the Mississippi Supreme Court. This event is not outside the realm of possibility since the affirmance of the civil judgment by the Supreme Court was based, as mentioned hereinabove, exclusively on the collateral estoppel effect of Jordan's criminal conviction. If the civil judgment were vacated because collateral estoppel was no longer applicable, the Court could affirm for other reasons; but, more than likely, it would remand to the trial court for further proceedings. This court does not entertain the possibility that the judgment would be reversed and rendered.

At this point, it is extremely difficult for this court to speculate with any degree of certainty as to how this matter will be ultimately resolved. The goal of the debtor, of course, is to totally eliminate the claims of the State of Mississippi and McKenna. The civil cause of action, however, stands on an entirely separate footing from the criminal prosecution. Even if the civil judgment were reversed and remanded, there is still the possibility that the civil suit would again be pursued by McKenna regardless of the existence of the criminal conviction.

Waide has argued that his work on the criminal file should be compensable from the bankruptcy estate because it might eventually eliminate two unsecured claims against the estate, i.e., the non-dischargeable fine claim in favor of the State of Mississippi and the judgment claim of McKenna. In support of his position, Waide has cited two Chapter 11 cases, *In re Warner*, 141 B.R. 762 (M.D.Fla. 1992), and *Intercontinental Metals Corp. v. The Committee of Creditors Holding Unsecured Claims*, 53 B.R. 487 (D.C.N.C.1985). These decisions, however, are no longer relevant because the debtor's bankruptcy case has been converted from Chapter 11 to Chapter 7, and the bankruptcy estate is comprised exclusively of prepetition, unencumbered, non-exempt assets, or the proceeds thereof.

(Without dispute, McKenna's judgment is simply an unsecured claim in the context of this case because it did not attach to any assets of the estate by operation of law or by execution before the debtor's bankruptcy petition was filed. See the judgment of this court, entered July 29, 1994, Adversary No. 93–1194, styled *Jacob C. Pongetti, Trustee for the Estate of John S. Jordan v. Georgia Marie Redus McKenna.*)

If the two claims are eliminated, the proceeds held in the bankruptcy estate, less the payment of administrative expense claims, would be payable to the debtor, not to other creditors. On the other hand, if the claims are not eliminated, the administrative expense claims would still have to be paid before any distribution to either of the unsecured creditors. Therefore, if Waide prevails on the debtor's behalf at every level, he would ultimately benefit only the debtor and not the bankruptcy estate. If he should fail, he clearly would not benefit the bankruptcy estate.

The court, therefore, concludes that under either scenario, Waide's efforts could not benefit the bankruptcy estate but, at best, only the debtor. As such, his fees and expenses relative to the criminal file, which he has most deservedly earned, must be paid by the debtor. They cannot be "boot strapped" into an administrative expense priority claim against the bankruptcy estate.

Waide, as the attorney for the debtor, should be awarded compensation and reimbursement of expenses to be paid as follows:

$ 882.00 – payable as a Chapter 11 administrative expense claim;

$2,856.75 – payable as a Chapter 7 administrative expense claim;

$8,333.75 – although this amount is approved as to reasonableness, it cannot be paid from assets of the bankruptcy estate now being held by the Chapter 7 trustee; it must be paid by the debtor, individually.

To the extent that the objections to the amended motion for the allowance of attorney's fees and expenses, etc., filed as noted hereinabove, are inconsistent with this opinion, said objections are hereby overruled.

A separate order will be entered consistent with this opinion.